*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KENNEDY AMMAN and CORI AMMAN,

        Plaintiffs-Appellants,

v

BETHANY BUSCH,

        Defendant-Appellee.

UNPUBLISHED
December 21, 2023

No. 362353
Saginaw Circuit Court
LC No. 17-035098-CZ

Before: GLEICHER, C.J., and SWARTZLE and YATES, JJ.

PER CURIAM.

This is the second time this case has come before this Court. In 2020, we reversed a trial-court order denying summary disposition to most of the defendants, but we affirmed the trial-court order denying summary disposition to defendant, Bethany Busch. See *Amman v Chesaning Union Sch*, unpublished per curiam opinion of the Court of Appeals, issued August 27, 2020 (Docket Nos. 346483 and 346484). On remand, plaintiffs, Kennedy Amman and her mother, Cori Amman, proceeded to trial against Busch, but the jury found that Busch did not engage in gross negligence. After the trial court entered a judgment of no cause in favor of Busch, plaintiffs appealed of right, challenging the exclusion of evidence at trial. We affirm.

## I. FACTUAL BACKGROUND

On February 4, 2016, at Chesaning High School, a piano fell off of a dolly and onto plaintiff Kennedy Amman's left foot during her choir practice. The piano was kept on the dolly at all times, even when it was not in use. On the day of the incident, defendant Busch, the choir teacher, moved the piano on a dolly as she typically did each day. Plaintiff was near the piano as defendant moved it, and the piano fell off of the dolly and onto plaintiff's foot, causing injury. Plaintiffs filed this action against several defendants on June 29, 2017. But because of problems with personal service, plaintiffs had to file a separate complaint against defendant Busch on December 18, 2017, setting forth claims of gross negligence and battery. On September 18, 2018, the trial court dismissed the battery claim, so the case against defendant Busch proceeded only on plaintiffs' gross-negligence claim.

-1-

During the course of discovery, affidavits from three students were produced. Two of those affidavits included statements defendant Busch allegedly made about the piano before the incident took place. Defendant purportedly complained to the class that the piano was unstable on the dolly and told the class that she was going to inform the school administration about the piano. All three affidavits also contained similar statements that the school's prior choir teacher, Yasmin Gewirtz,[1] had allegedly made about the piano. In the prior appeal, defendant Busch argued that the students' affidavits should not have been considered in denying summary disposition because the affidavits violated a scheduling order and contained inadmissible hearsay. We rejected both of those claims, stating that "[b]ecause defendants have not demonstrated that the late production of the affidavits prejudiced their motion, we conclude that the trial court did not abuse its discretion by permitting plaintiffs to submit the affidavits in support of their response to defendants' motion for summary disposition." *Amman*, unpub op at 4. We rejected the hearsay argument, ruling that "the statements in the affidavits allegedly made by Busch do not constitute inadmissible hearsay" because "[t]hese statements were not offered to prove that the piano was, in fact, wobbly or unstable, but rather were offered to prove that Busch believed those assertions to be true." *Id*. Moreover, we reasoned that even if those statements were hearsay, they were admissible pursuant to MRE 801(d)(2)(A) as admissions of a party opponent. *Id*. We noted, "however, that if the statements in the affidavits attributed to the former choir teacher that the piano on the dolly was unstable are offered to prove the truth of the matter asserted, they are inadmissible hearsay to the extent those statements are offered against Busch." *Id*. at 4-5.

In upholding the trial court's denial of summary disposition to defendant Busch, we stated that "the evidence offered by plaintiffs that Busch acted with gross negligence are the statements of two students that before the accident they heard Busch comment that the piano was unstable and that Busch was planning to tell, or already had told, the front office about it." *Id*. at 5. Also, "plaintiffs point[ed] to the deposition testimony of Cori, Kennedy's mother, that after the accident Busch told her that she had discussed the piano with other teachers and had 'told them this is an accident waiting to happen' and that the piano needed to be bolted down." *Id*. at 5-6. Therefore, we concluded that "[t]his evidence, when viewed in the light most favorable to plaintiffs, provides at least some evidence that Busch was aware that the piano was not secure on the dolly." *Id*. at 6. We forecasted that "[t]he parties, no doubt, will dispute whether Busch made such comments and also whether the alleged comments, even if made, demonstrate gross negligence." *Id*. But we held nonetheless that, "viewing the evidence in the light most favorable to plaintiffs, reasonable minds could differ regarding whether Busch's conduct constituted gross negligence." *Id*.

On remand, defendant moved to exclude all references to Gewirtz on the basis of relevancy. Given that the school was no longer a defendant and Gewirtz was not a party to the case, defendant asserted that the alleged remarks by Gewirtz about the piano were irrelevant because they did not bear upon whether defendant was grossly negligent. Defendant contended that plaintiffs had failed to show any connection between defendant and Gewirtz's alleged statements, so defendant moved to exclude Gewirtz as a witness and to prohibit all references to Gewirtz. Additionally, defendant

---

[1] Throughout their briefs, both sides incorrectly refer to the prior choir teacher as "Ms. Gerwitz." As her deposition testimony clearly established, her name is Yasmin Gewirtz.

sought to exclude as a witness one of the students who submitted an affidavit because that student's testimony would relate only to Gewirtz, not to defendant's alleged statements about the piano.

Plaintiffs insisted that Gewirtz's remarks about the piano were relevant to demonstrate that defendant Busch had notice about the piano's dangerous condition. Plaintiffs argued that, because Gewirtz made statements to the class about the piano, she likely had also made statements to other school staff members, such as defendant. Similarly, plaintiffs essentially contended that, because Gewirtz made statements about the piano that were similar to defendant's subsequent statements, Gewirtz and defendant must have discussed the piano. Plaintiffs asserted that the jury should hear that testimony and decide for itself.

In an oral ruling from the bench on May 23, 2022, the trial court granted defendant's motion in limine to exclude all references to Gewirtz, concluding that "the question of whether or not the prior music teacher said something is entirely irrelevant to whether or not the Defendant Busch was grossly negligent in relation to this particular case." As the trial court explained, "Ms. Gerwitz [sic] is totally irrelevant. We've got enough issues, we don't need other issues or other nonissues being brought into this case." Later, the trial court entered an order stating that Gewirtz was not a party to the case and the school had been dismissed. On appeal, plaintiffs challenge the trial court's exclusion of Gewirtz as a witness and all references to her. Plaintiffs assert that that evidence was relevant and not hearsay. Plaintiffs alternatively insist that the law-of-the-case doctrine foreclosed the exclusion of the evidence.

## II. LEGAL ANALYSIS

We review for an abuse of discretion the trial court's decision to admit or exclude evidence. *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 333 Mich App 457, 477; 960 NW2d 186 (2020). An abuse of discretion occurs when the "decision falls outside the range of reasonable and principled outcomes." *Id*. at 477-478 (quotation marks and citation omitted). If the trial court makes a determination that is legally incorrect, it necessarily abuses its discretion. *Id*. at 478. We review preliminary or underlying questions of law de novo. *Id*. Ordinarily, we review de novo questions of law, such as issues involving the law of the case. *Rott v Rott*, 508 Mich 274, 286; 972 NW2d 789 (2021). But because plaintiffs failed to present that issue in the trial court, we have no obligation to review the unpreserved issue. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359090); slip op at 2-3. We may, however, address an unpreserved issue "if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. at ___; slip op at 3 (quotation marks and citation omitted). Whether the law-of-the-case doctrine applies is a question of law, and all facts necessary for the resolution of that issue have been presented.

## A. EXCLUSION OF EVIDENCE

Plaintiffs assert that the trial court abused its discretion by excluding the evidence relating to Gewirtz and her alleged statements made about the piano because those statements were relevant to whether defendant had notice of the piano's condition and they were not hearsay. As an initial matter, defendant did not request to exclude the evidence on the basis that it was hearsay. Rather, defendant attempted to exclude the evidence on the basis of *relevance*, and the trial court based its

ruling on relevance, not hearsay. Therefore, we need not address plaintiffs' arguments regarding hearsay. Instead, we must focus exclusively on the issue of relevance.

Under Michigan law, "governmental agencies and their employees are generally immune from tort liability when they are engaged in the exercise or discharge of a governmental function." *Ray v Swager*, 501 Mich 52, 62; 903 NW2d 366 (2017). But if a governmental employee acted in a grossly negligent manner, immunity does not apply. MCL 691.1407(2)(c). Gross negligence is "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). "Simply alleging that an actor could have done more is insufficient under Michigan law," and "saying that a defendant could have taken additional precautions is insufficient to find ordinary negligence, much less recklessness." *Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004). Instead, a plaintiff must show "almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks," as "if an objective observer watched the actor [and] . . . conclude[d], reasonably, that the actor simply did not care about the safety or welfare of those in his charge." *Id*.

As a general rule, relevant evidence is admissible. MRE 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. But relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403.

Here, after this Court reviewed the case, only Busch remained as a defendant, see *Amman*, unpub op at 8, and the only remaining issue was whether defendant Busch was grossly negligent in how she handled the piano. A crucial component of that issue was what Busch said and when she said it. According to the three student witnesses, Gewirtz made remarks about the piano being unstable and stated that she was going to inform the school administration about it. But Gewirtz made those alleged remarks sometime during her tenure as the choir teacher, which ended in 2013. The record does not establish when Gewirtz made the remarks, but it must have happened *before* defendant took over as the choir teacher during the school year that ran from 2015 into 2016. There is no indication that the two teachers ever worked at the school at the same time. The three student affidavits do not indicate that Gewirtz made the remarks to defendant or in defendant's presence, and the affidavits do not establish *any* connection between Gewirtz and defendant. Consequently, the affidavits did not show that defendant received notice of the piano issue from Gewirtz.

Had the trial court permitted plaintiffs to call Gewirtz as a witness at trial, her value to the plaintiffs' case would have been negligible, at best. Although several students provided affidavits that attributed statements about the piano to Gewirtz, during Gewirtz's deposition, she denied that she made statements about the piano on the dolly being wobbly. Specifically, Gewirtz denied that she ever had "any issues with the piano slipping on the dolly" when she moved it twice each day. Beyond that, Gewirtz made clear that she never "complain[ed] to maintenance at Chesaning High School regarding any issues with the piano on the dolly[,]" she never told "anyone that the piano should have been bolted down onto the dolly[,]" and she never said "that the piano was an accident waiting to happen[.]" Moreover, when asked, Gewirtz said she did not recall ever telling a student that the piano was misaligned on the dolly so she was "going to go to the administrative office and tell them about it[.]" Accordingly, allowing Gewirtz to testify at trial simply would have set up a

credibility contest between Gewirtz and the students about what Gewirtz said several years before defendant Busch started teaching choir classes at Chesaning High School.

Even if Gewirtz and defendant used similar words about the piano, that is inconsequential. Contrary to plaintiffs' contention, their use of similar language does not establish that Gewirtz and defendant must have spoken with one another about the piano. On that matter, plaintiffs are simply speculating and attempting to draw connections that do not exist. Further, Gewirtz never admitted in her deposition that she spoke to defendant about the piano before the incident. Rather, Gewirtz testified that she spoke briefly to defendant after the incident occurred, and there was no indication from that conversation that Gewirtz had shared information about the piano with defendant before the incident. By all accounts, the conversation was brief and entailed Gewirtz merely asking about the incident itself.

The deposition testimony of plaintiff Cori Amman similarly did not reveal any connection between Gewirtz and defendant. Cori Amman spoke to defendant several weeks after the incident, and, according to Cori Amman, defendant said she discussed the piano with "other teachers" and "told them this is an accident waiting to happen. It needs to be bolted down." Plaintiffs speculate that Gewirtz must have been one of those "other teachers," but, beyond speculation, plaintiffs offer no evidence to support that claim. Gewirtz was the choir teacher years before defendant, and there were surely many other teachers at the school to whom defendant could have been referring when she spoke of "other teachers."

Although plaintiffs provided ample evidence that Gewirtz gave notice to the *school* about the piano, plaintiffs never connected that notice to defendant Busch. On remand, the only subject at issue was whether defendant was grossly negligent. Gewirtz was not a party, nor was the school. The remarks of the prior choir teacher unconnected to defendant had no bearing on what defendant knew about the piano. Plaintiffs offered speculation, but made no connection, linking notice from Gewirtz to defendant Busch. Thus, the trial court's exclusion of the evidence as irrelevant was not outside the range of principled outcomes, so plaintiffs have failed to demonstrate that the trial court abused its discretion in excluding the evidence.[2]

## B. LAW OF THE CASE

Plaintiffs insist that, based on our decision in the prior appeal, the law-of-the-case doctrine mandated admission of evidence relating to Gewirtz. The law-of-the-case doctrine was "judicially created" in order "to promote consistency throughout the life of a lawsuit." *Rott*, 508 Mich at 286. Our Supreme Court has expressly ruled that "if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts

---

[2] We note that plaintiffs seem to overstate the breadth of the excluded evidence. The only evidence excluded was that relating to Gewirtz. Defendant's statements about the piano were not excluded. At trial, two student witnesses and plaintiff Cori Amman testified about statements that defendant allegedly made about the piano, and plaintiffs' counsel vigorously cross-examined defendant about those statements.

remain materially the same." *Id*. (quotation marks and citations omitted). That doctrine, however, applies only when issues are "*actually decided*, either implicitly or explicitly, in the prior appeal." *Id*. at 287 (quotation marks and citations omitted).

Here, plaintiffs have misinterpreted our prior ruling. We previously addressed: (1) whether the three student affidavits violated a scheduling order, see *Amman*, unpub op at 4; and (2) whether defendant Busch and the other defendants were entitled to summary disposition, *id*. at 6-7. As part of our discussion of whether Busch was entitled to summary disposition, we concluded that certain statements she made were not hearsay. *Id*. at 4-5. In the prior appeal, the parties did not dispute, and we did not decide, whether *all* evidence involving Gewirtz was relevant. On remand, both the motion in limine and the trial court's rulings were predicated on relevance, not hearsay. Also, the trial court addressed whether Gewirtz could testify as a witness at trial. Although we previously addressed whether Gewirtz's statements mentioned in the students' affidavits were hearsay, see *Amman*, unpub op at 4-5, we did not determine whether Gewirtz's knowledge about the piano was relevant or whether Gewirtz herself should be kept off the witness stand on the basis of relevance. In other words, the motion in limine and the trial court's ruling were broader and based on different grounds than we addressed because they concerned *all* evidence involving Gewirtz. Accordingly, the evidentiary issues that the trial court resolved on remand were not actually decided on the prior appeal, so the law-of-the-case doctrine is inapplicable.

Affirmed.

/s/ Brock A. Swartzle
/s/ Christopher P. Yates